UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CARLOS SANCHAZE JONES,            )
                                  )
            Petitioner            )
                                  )
      vs.                         )          Case No. 1:19-cv-00089-AGF
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Petitioner Carlos Sanchaze Jones's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On July 20, 2018, Petitioner pled guilty to one count of distributing 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  The Court accepted Petitioner's plea, and on December 14, 2018, sentenced Petitioner to 120 months' imprisonment.

In his pro se motion under § 2255, Petitioner appears to claim that the Court has not established that it had subject-matter jurisdiction, and asserts that defense counsel's ineffective assistance contributed to this somehow.  He also asserts that his counsel was ineffective for failing to challenge at sentencing Petitioner's status as a career offender under the United States Sentencing Guidelines (the "Guidelines") §4B1.1 and failing to challenge whether the drug quantity at issue was sufficient under the relevant statute.  As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

Petitioner was indicted on April 19, 2018, and charged with one count of distributing 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  As noted above, Petitioner pled guilty as charged on July 20, 2018, pursuant to a written plea agreement.  *United States v. Jones*, Case No. 1:18CR056 AGF, Doc. No. 29.[1]

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts.  On October 10, 2017, an undercover officer with the Southeast Missouri Drug Task Force met with Petitioner at an address in Cape Girardeau, Missouri. Petitioner provided the officer with seven grams of methamphetamine in exchange for $260.   On October 17, 2017, Petitioner left an amount of methamphetamine for the officer in a shed owned by Petitioner's associate.  The officer provided the associate with $1,400 as payment, which was to be given to Petitioner at a later date.  The Missouri State Highway Patrol Crime Laboratory analyzed the drugs and determined it to be 51.27 grams of a mixture or substance containing methamphetamine.

On October 25, 2017, Petitioner again provided the undercover officer with approximately two ounces of methamphetamine in exchange for $1,400.  The Missouri

---

[1]     References to the underlying criminal case are designated as "Crim. Doc. No. ___").

State Highway Patrol Crime Laboratory analyzed the drugs and determined it to be 56.13 grams of a mixture or substance containing methamphetamine.  *Id.*

    At the change-of-plea hearing held on the day the plea agreement was executed, Petitioner represented that he was satisfied with his attorney's performance, that his attorney did everything Petitioner asked him to do, and that there was nothing that Petitioner could think of that his attorney should have done but did not do.  Petitioner confirmed that he understood the terms of the indictment and plea agreement; that he understood the rights he was giving up by pleading guilty, including all of his rights associated with his right to a trial; and that he was guilty of the crime to which he was pleading guilty.  The Court ascertained the factual basis for the guilty plea and accepted the plea as knowing, intelligent, and voluntary.  Crim. Doc. No. 50.

    Although the parties had estimated in their plea agreement that the base offense level under the Guidelines was 24, based upon the relevant conduct, they agreed that either party could request a sentence above or below the Guidelines range ultimately determined by the Court.  The plea agreement further provided that the Court was not bound by the parties' Guidelines recommendations; recognized that the parties may not have foreseen all applicable Guidelines; and advised Petitioner that the Court may, in its discretion, apply or not apply any Guidelines provision despite the parties' agreement.  Crim. Doc. No. 29.  At the plea hearing, Petitioner was likewise advised that the Court would ultimately determine Petitioner's sentence, without being bound by the parties'

recommendations.  Crim. Doc. No. 50, at 21-22, 24-25.  Petitioner was also expressly advised that he could receive the maximum term of imprisonment, the maximum fine, or both.  *Id.* at 25, 27.

After Petitioner pled guilty but before sentencing, the United States Probation Office issued its preliminary presentence investigation report ("PSR").  In the preliminary PSR, the Probation Office stated that Petitioner should be classified as a career offender under the Guidelines due to his prior felony convictions for attempted robbery in the first degree and distribution of a controlled substance.  Based on this conclusion, the PSR then determined an advisory Guidelines range of 188-235 months' imprisonment.  Crim. Doc. No. 31.  Petitioner's attorney objected in writing to the career offender classification, asserting that Petitioner's prior attempted robbery conviction was not a crime of violence as required for career offender status.  The Probation Office did not agree with the objection, and concluded in the final PSR that Petitioner qualified as a career offender. Crim. Doc. No.  36, at 29-30.

On December 14, 2018, the Court held the sentencing hearing at which Petitioner appeared through counsel.  Petitioner confirmed at the hearing that he had reviewed the PSR with counsel.  The Court heard argument on Petitioner's objection to the career offender classification.  Following argument, the Court concluded that the objection was not well taken.  However, the Court granted a downward variance from the Guidelines sentencing range in order to impose a 120-month sentence.

4

The Court stated that it believed a sentence of 120 months' imprisonment would have been appropriate irrespective of its ruling on Petitioner's objection to the career offender classification because, in the event that Petitioner not been deemed to be a career offender, the Court would have varied upward from the applicable Guidelines range and still arrived at 120 months' imprisonment.  The Court explained that this upward variance would be due to Petitioner's substantial and extensive criminal history, as well as his poor conduct and criminal offenses committed while on supervision or parole.

Nevertheless, having found that the career offender classification applied, the Court varied downward from the applicable Guidelines range and explained its reasoning for the downward variance, including Petitioner's upbringing and substance abuse history and the fact that his criminal history was somewhat overstated due to the amount of time that had passed since his attempted robbery conviction.  Petitioner did not file an appeal.

**Motion to Vacate**

As noted above, the Court discerns three claims from Petitioner's pro se motion under § 2255.  First, Petitioner contends that counsel was ineffective for failing to argue that the Court lacked subject matter jurisdiction.  Second, Petitioner argues that counsel should have intervened at sentencing after Petitioner's sentence was "enhanced" due to his classification as a career offender.  *See* ECF No. 1 at 3.  Third, Petitioner maintains

that counsel should have objected to the drug quantity at issue.  The Government responds that each of Petitioner's claims is without merit.

### DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions."  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).  However, a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006) (citation omitted).

To establish ineffective assistance of counsel, "the petitioner must show counsel's representation fell below an objective standard of reasonableness and that such deficient performance prejudiced the defense."  *Davis v. United States*, 858 F.3d 529, 532 (8th Cir. 2017) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).   Prejudice in the context of a guilty plea requires the petitioner to show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Prejudice in

6

the sentencing context requires the petitioner to show "a reasonable probability that his sentence would have been different but for the deficient performance." *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014) (citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044-45 (8th Cir. 2019) (citation omitted).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (citation omitted). "Instead, [j]udges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

Petitioner has not demonstrated ineffective assistance of counsel. As to his first claim, Petitioner has not explained why he believes that the Court lacked subject matter jurisdiction. Federal courts have long rejected jurisdictional challenges to the drug laws at issue here. *E.g.*, *United States v. Bell*, 90 F.3d 318, 321 (8th Cir.1996) (holding that Congress may regulate both interstate and intrastate drug trafficking under Commerce Clause). And an attorney's failure to raise a meritless argument does not constitute ineffective assistance. *E.g.*, *Dodge v. Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010). To

7

the extent that Petitioner's jurisdictional claim relates to his argument regarding the drug quantity at issue, as explained below, the plea agreement to which Petitioner stipulated clearly establishes that the drug quantity was sufficient under the relevant statute.

Petitioner's second claim is refuted by the record.  Contrary to Petitioner's assertion, counsel did "intervene" at sentencing with respect to Petitioner's career offender classification by objecting on his behalf to that classification.  Counsel argued vehemently, albeit unsuccessfully, that Petitioner's prior attempted robbery conviction did not qualify as a crime of violence.  Petitioner has not explained how his attorney should have proceeded differently.  Nor can Petitioner claim unfair surprise.  He was clearly advised at the time of his plea that the parties' recommendations were not binding on the Court, that the parties may not have foreseen applicable Guidelines provisions, and that Petitioner could receive the maximum sentence.

Further, Petitioner has not demonstrated a reasonable probability that his sentence would have been different had his counsel proceeded in another manner.  The Court explicitly considered counsel's objection to the career offender classification and further stated that the sentence would have been the same even if that objection had been sustained, and explained why.

Petitioner's third claim is likewise without merit.  Petitioner expressly admitted in both his written plea agreement and his sworn plea colloquy that the quantity of drugs involved here was at least 50 grams as required by the underlying criminal statute,

8

detailing multiple transactions and the quantities involved in each.  There is no basis for Petitioner's argument that counsel should have objected to the drug quantity at issue, as such an objection would have been rejected as meritless.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715  (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Carlos Sanchaze Jones's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of September, 2022.